IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IT'S ALL WIRELESS, INC. t/a<br>PRO MOBILE GEAR,<br>    Plaintiff, | :<br>:<br>:<br>: | CIVIL ACTION |
| v. | : | NO. 10-6704 |
| WOOT, INC. *et al.*,<br>    Defendants. | :<br>:<br>:<br>: | |

MEMORANDUM OPINION AND ORDER

**RUFE, J.**                           September 6, 2012

Defendants Shai International, Inc., Mike Mohnani (a/k/a Manoj Mohnani), Gemma Mohnani, Sundri Mohnani, and Shalina R. Daswani, have moved to dismiss the First Amended Complaint, arguing that this Court lacks personal jurisdiction over them.[1]

**I.  BACKGROUND**

Plaintiff It's All Wireless, trading as Pro Mobile Gear ("PMG"), initially filed suit in state court against Defendants Woot, Inc. and S&D Cellular. Woot removed the case to this Court pursuant to 28 U.S.C. § 1441(a), invoking this Court's diversity jurisdiction, and asserted counterclaims against PMG. PMG then filed the First Amended Complaint, asserting claims against the original Defendants, Woot and S&D, and also asserting claims against the moving Defendants, Dilip C. Daswani, and a number of other Defendants who are not relevant to the current motions.

---

[1] Shai and the Mohnani Defendants also argue that the First Amended Complaint fails to allege fraud with particularity against them. Daswani moved for dismissal on the additional ground that she was not properly served, but Plaintiff then effected personal service upon her.

The First Amended Complaint alleges that for several years before the events that gave rise to the litigation, PMG had purchased items for resale from S&D, a company owned by Shalina and Dilip Daswani.[2]  PMG also alleges that it had in the past purchased merchandise as a buyer's agent or broker for Woot, an online retailer and subsidiary of Amazon.com.[3]  In the autumn of 2010, S&D offered to sell to PMG Kindle devices manufactured by Amazon.com.[4]  PMG accepted the offer and contracted to purchase the Kindles from S&D on Woot's behalf, as a buyer's agent.  PMG then arranged for shipment directly from S&D to Woot.[5]  PMG wired funds to S&D to pay for the Kindles, but although Woot received at least one shipment of Kindles, Woot failed to remit payment to PMG, citing allegations that the Kindles had been stolen from Amazon.com.[6]  Woot refused to provide evidence that the Kindles were stolen goods, and Woot or Amazon.com retained the Kindles without paying PMG.[7]

PMG does not allege that it had any direct dealings with Shai or the Mohnani Defendants.  Instead, PMG alleges that these Defendants are suppliers who sold the allegedly stolen Kindles to S&D and were paid with PMG's funds.[8]

---

[2] The First Amended Complaint alleges that S&D and the Daswanis are alter egos. FAC ¶ 17.  Shalina Daswani avers that she and Dilip Daswani were married but that their divorce was finalized on September 15, 2011, and that she has not had any role in S&D since at least 2009. Daswani Aff. (Doc. No. 61-2).

[3] FAC ¶ 18.

[4] FAC ¶ 19.

[5] FAC ¶¶ 29-32.

[6] FAC ¶¶ 32, 37-42, 48, 53

[7] FAC ¶¶ 48-51.

[8] FAC ¶ 79.

## II.   STANDARD OF REVIEW

"[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."[9] The burden of establishing that jurisdiction is proper rests with the plaintiff.[10] The plaintiff cannot rely on general averments in the complaint or unsupported statements in his response; instead, he must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state,"[11] by providing jurisdictional facts supported by affidavits or competent evidence.[12]

The Federal Rules of Civil Procedure allow a district court to assert personal jurisdiction over a non-resident to the extent allowed by the law of the state in which the court sits.[13] Pennsylvania's long-arm statute permits the exercise of jurisdiction over non-resident defendants to the full extent permitted under the Due Process Clause of the United States Constitution.[14] To establish general jurisdiction—jurisdiction based on contacts with the state that are *unrelated* to the cause of action—due process requires the plaintiff to demonstrate that the non-resident

---

[9] Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 n. 1 (3d Cir.1992), quoted in Bootay v. KBR, Inc., 437 F. App'x 140, 143 (3d Cir. 2011).

[10] Bootay, 437 F. App'x at 143.

[11] Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (citing Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434 (3d Cir. 1987)) (quotations omitted).

[12] Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).

[13] O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007).

[14] See Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998) (citing 42 Pa. Stat. Ann.§ 5322).

defendant's contacts with Pennsylvania were "continuous and systematic."[15] This standard is demanding.[16] Specific jurisdiction may be found where the plaintiff's claim is "related to or arises out of the defendant's contacts with the forum," and the defendant had "the minimum contacts with the forum necessary for the defendant to have reasonably anticipate[d] being haled into court there."[17] Upon a finding that the first two criteria are met, specific jurisdiction requires the Court to find that exercising jurisdiction "comport[s] with fair play and substantial justice."[18]

### III. DISCUSSION

#### A. Personal Jurisdiction as to Shai and the Mohnani Defendants

There is no dispute that Shai and the Mohnani Defendants are citizens of California.[19] Plaintiff does not allege that these Defendants have conducted any business in Pennsylvania at all, with respect to the disputed Kindle shipments or otherwise. Plaintiff alleges only that there is some connection between S&D and these Defendants, and seeks discovery to establish personal jurisdiction. The Court finds that jurisdictional discovery is not warranted as to these Defendants.

"As a general rule, jurisdictional discovery is allowed unless the claim of jurisdiction is clearly frivolous. In order to demonstrate that the claim is not clearly frivolous, the plaintiff must

---

[15] O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007).

[16] Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd., 64 F. Supp. 2d 448, 451 (E.D. Pa. 1999) ("The Third Circuit and its district courts have typically required a very high showing before exercising general jurisdiction . . . .").

[17] Pennzoil, 149 F.3d at 201 (quotations and citation omitted) (alteration in original).

[18] Id.

[19] FAC ¶¶ 5-7.

present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state."[20]  The Court of Appeals has warned against permitting "a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery."[21]  In this case, Plaintiff has not alleged any facts that would suggest that these Defendants committed any acts in Pennsylvania.  Plaintiff's argument that jurisdictional discovery "will clearly assist the parties in gathering the specific facts necessary to determine the extent of Shai and the Mohnanis' role in this case,"[22] establishes that Plaintiff is angling for facts to support the claim, not pursuing a genuine effort to establish jurisdiction, as even if, as Plaintiff contends, these Defendants supplied the Kindles to S&D, there is still no basis for asserting personal jurisdiction.[23]  The motion of Shai and the Mohnani Defendants to dismiss for lack of personal jurisdiction will be granted.[24]

### B.  Personal Jurisdiction as to Shalina Daswani

PMG alleges upon information and belief that Shalina Daswani is a citizen of California, while Daswani avers that she moved from California to Texas in June 2011.  In any event, there are no allegations in the First Amended Complaint that Daswani herself has contacts with Pennsylvania; instead, the basis for jurisdiction rests upon PMG's allegation of alter ego status

---

[20] LaSala v. Marfin Popular Bank Public Co., Ltd., 410 F. App'x 474, 478 (3d Cir. 2011) (internal quotations omitted; alteration in original).

[21] Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010).

[22] Pl.'s Resp. at 2 n.2.

[23] Plaintiff attaches to its response to the Motion to Dismiss documents that purportedly show that S&D made payments to Shai for the Kindles.  Pl.'s Resp. Exs. 2, 3.  Even if these documents show a relationship between Shai and S&D, they do not show that Shai (or the Mohnanis) in any way conducted business in Pennsylvania.

[24] Because the claims against these Defendants are dismissed for lack of personal jurisdiction, the Court does not reach their argument that Plaintiff failed to plead fraud with particularity.

between S&D and Shalina Daswani; in other words, that jurisdiction over S&D may be imputed to the individual shareholders, the Daswanis.

Under Pennsylvania law, "[t]he alter ego theory comes into play in piercing the corporate veil when one seeks to hold liable an individual owner who controls the corporation."[25] To assert an alter ego theory, Plaintiff must allege that the corporate form was a sham. The factors to be considered in determining alter ego status include "the failure to observe corporate formalities; non-payment of dividends; insolvency of debtor corporation; siphoning the funds from [the] corporation by dominant shareholders; non-functioning of other officers and directors; absence of corporate records; whether the corporation is a mere facade for the operations of a common shareholder or shareholders; and gross undercapitalization."[26]

In the First Amended Complaint, Plaintiff alleges, without any factual allegations in support, that S&D and the Daswanis "failed to adhere to requisite corporate formalities, were constantly undercapitalized, substantially intermingled corporate and personal monies and affairs, and used the corporate form to perpetrate a fraud."[27] These rote allegations, standing alone, are not sufficient to establish a basis for asserting personal jurisdiction.[28] However, in response to Daswani's motion to dismiss, Plaintiff has attached a transfer slip from S&D's corporate account in a California bank showing that Shalina Daswani withdrew $10,000 from S&D's corporate

---

[25] Eastern Minerals & Chemicals Co. v. Mahan, 225 F.3d 330, 333 n.7 (3d Cir. 2000) (citations omitted).

[26] Id. (internal quotation omitted).

[27] FAC ¶ 17.

[28] See, e.g., Allen v. Chicago Steel (PA), LLC, No. 10-1931, 2010 WL 2991214, at * 8 (E.D. Pa. July 27, 2010) (dismissing complaint for failure to allege facts to support claim of alter ego liability).

checking account on October 26, 2010,[29] and argues that this transaction undercuts Shalina Daswani's assertion that she has had no ownership interest or involvement with the operations of S&D during late 2010.[30]

There is no dispute that this Court has jurisdiction over S&D[31]; and Plaintiff's evidence offers some possibility that the alter ego allegation could be sustained against Shalina Daswani and jurisdiction established. The Court therefore will deny Shalina Daswani's motion without prejudice, and permit limited jurisdictional discovery, after which the motion may be renewed.

## IV. CONCLUSION

This Court lacks personal jurisdiction over Shai and the Mohnani Defendants, and Plaintiff has not established a basis for allowing jurisdictional discovery as to these Defendants. Because Plaintiff may be able to establish personal jurisdiction as to Shalina Daswani, her motion to dismiss will be denied without prejudice. An appropriate order will be entered.

---

[29] Pl.'s. Resp. at 4 and Ex. 1.

[30] Daswani Aff. ¶¶ 2, 4.

[31] S&D and Dilip Daswani have filed an answer and have not challenged jurisdiction.