IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IT'S ALL WIRELESS, INC. t/a : | |
| PRO MOBILE GEAR, : | |
|         Plaintiff, : | |
| : | |
|         v. : | CIVIL ACTION NO. 10-6704 |
| : | |
| WOOT, INC. *et al.*, : | |
|         Defendants. : | |
| : | |

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.**                                                                                                           **February 12, 2014**

Plaintiff has moved to compel discovery and for leave to file an amended complaint. In response, Defendant Woot, Inc., has moved to dismiss this case for the third time, based upon a history of "extreme dereliction" in the prosecution of this case, coupled with "a campaign of deceit and omission" by Plaintiff and its counsel.[1] For the reasons explained below, the Court will deny the motion to compel discovery and the motion to amend the complaint and grant the motion to dismiss Plaintiff's affirmative claims.

I.   **BACKGROUND**

   A.   **The Factual Allegations**

Plaintiff It's All Wireless, trading as Pro Mobile Gear ("Pro Mobile"), filed suit in state court against Defendants Woot and S&D Cellular. Woot removed the case to this Court pursuant to 28 U.S.C. § 1441(a), invoking this Court's diversity jurisdiction, and asserted counterclaims against Pro Mobile. Pro Mobile then filed the First Amended Complaint, asserting claims against the original Defendants, Woot and S&D, as well a number of other Defendants who are

---

[1] Doc. No. 122 at 7.

not relevant to the current motions.

The First Amended Complaint alleges that for several years before the events that gave rise to the litigation, Pro Mobile had purchased items for resale from S&D. Pro Mobile also alleges that it had in the past purchased merchandise as a buyer's agent or broker for Woot, an online retailer and subsidiary of Amazon.com.[2] In the autumn of 2010, S&D offered to sell to Pro Mobile Kindle devices manufactured by Amazon.com.[3] Pro Mobile accepted the offer and contracted to purchase the Kindles from S&D on Woot's behalf, as a buyer's agent. Pro Mobile then arranged for shipment directly from S&D to Woot.[4] Pro Mobile wired funds to S&D to pay for the Kindles, but although Woot received at least one shipment of Kindles, Woot failed to remit payment to Pro Mobile, citing allegations that the Kindles had been stolen from Amazon.com.[5] Woot, for its part, has asserted counterclaims against Pro Mobile seeking compensatory damages of $125,000, the amount Woot says it paid to Pro Mobile for some of the Kindles.

  B.  **The Conduct of the Litigation**

There is no dispute that there have been significant delays in the litigation of this case, and that many of those delays are attributable to Pro Mobile or to its former counsel. Because Pro Mobile failed to prosecute the case, Woot filed its first motion seeking dismissal of Pro Mobile's claims on June 10, 2011. After a hearing and by order dated July 19, 2011, the Court

---

[2] FAC ¶ 18.

[3] FAC ¶ 19.

[4] FAC ¶¶ 29-32.

[5] FAC ¶¶ 32, 37-43, 48, 53

denied the motion without prejudice and ordered Plaintiff's counsel, Michael S. Gressen, to pay fees and expenses associated with the motion and hearing, which, pursuant to an order of August 2, 2011, amounted to $9,525.42. Because it is important to have the full context of the proceedings, the Court reproduces the findings of the order of July 19, 2011:

> In mid-January 2011, the Court held a scheduling conference with Woot and Pro Mobile. Pro Mobile did not timely submit its scheduling information report, as required by this Court's Scheduling Order. On February 28, following yet another teleconference, this Court issued an order setting the discovery deadlines in this case: initial disclosures were due by March 28; amended pleadings were due by April 14; fact discovery was to close on May 27; and summary judgment motions were to be filed by June 27.
>
> Pro Mobile missed each of these deadlines. It failed to submit its initial disclosures by March 28, and, in fact, did not submit them until just prior to this Court's June 24 hearing on Woot's pending combined motion—three days before the dispositive motions deadline. And though Woot served its interrogatories and production requests on Pro Mobile on March 16, Pro Mobile failed to respond to those requests until ordered by this Court, on June 24, to do so by June 27. And Pro Mobile had not, even by the June 24 hearing, served any discovery requests on Woot. Woot did not file a motion to compel Pro Mobile to respond to its discovery requests.
>
> On May 3, Woot wrote Pro Mobile's attorney, Michael S. Gressen, noting Woot had not heard from either Pro Mobile or Mr. Gressen since the February 24 teleconference or received Pro Mobile's disclosures or discovery responses and therefore intended to move for dismissal. Mr. Gressen did not respond to Woot's letter, nor seek any discovery extensions.
>
> Having received no response to its May 3 letter, Woot informed this Court, via letter fax dated May 18, of Mr. Gressen's failure to engage in discovery, and sought a teleconference with the Court and Pro Mobile. Woot made clear that it would seek dismissal if the discovery inertia was not resolved. Woot copied Mr. Gressen on that letter. The Court declined to schedule a teleconference, preferring instead to address discovery disputes through proper motions and record hearings where appropriate. Woot then filed the pending motion.
>
> On June 24, 2011, the Court held a hearing on Woot's combined motion. During that hearing, Mr. Gressen did not contest that he missed the discovery deadlines set by the February 28 Order, but averred that he had been unable to engage in

discovery because he was out of the area working on other matters for all but six days since the February 24 teleconference, and had been busy investigating Pro Mobile's claims against S&D and other responsible parties beyond Woot.  At the close of the hearing, and by Order issued that same day, the Court directed Pro Mobile to respond to Woot's discovery requests by June 27, 2011, and directed Woot to submit a declaration regarding its fees and costs in this matter.[6]

The Court  unambiguously notified Pro Mobile that it "is on notice . . . that it must proceed apace with discovery and prosecution of this action.  *Any* further unexcused non-compliance or unwarranted delay in prosecuting this action may result in both dismissal of Pro Mobile's Complaint and entry of default judgment against it on the counterclaims."[7]

The case then proceeded, and the Court notes that some delays resulted from a stay of proceedings while motions to dismiss certain defendants were pending.  After those motions were decided, however, the case failed to move forward.  By order dated  November 30, 2012, the Court set a discovery deadline of February 1, 2013.  Pro Mobile's continued lack of attention to the case resulted in a failure to complete discovery by that deadline, however, and Woot filed its second motion to dismiss Pro Mobile's claims and for default judgment on the counterclaims, arguing that Pro Mobile violated the Court's November 29, 2012 scheduling order, by not confirming whether Pro Mobile wanted a settlement conference; failing to appear for a deposition on January 23, 2013; failing to make formal additional discovery requests before February 1, 2013; failing to conduct jurisdictional discovery from Shalina Daswani; and in essence giving "hardly any attention to this case since the discovery stay was lifted."[8]  All of this, Woot noted, occurred after Pro Mobile had been sanctioned close to $10,000 for inaction and

---

[6] Order of July 19, 2011 [Doc. No. 29] (footnotes omitted).

[7] *Id*. at 6.

[8] Doc. No. 92-1 at 1-2.

dilatoriness in 2011.

In response, Pro Mobile hired new counsel, who essentially laid the blame for Pro Mobile's failings at the feet of Michael Gressen, Pro Mobile's former counsel, and argued that there was no personal responsibility of Pro Mobile's president, Stuart Lacheen.  Mr. Gressen submitted an affidavit explaining that in November of 2012 his father passed away unexpectedly, and Mr. Gressen had numerous related estate issues in Florida that took his attention, as did the health and legal problems of his aunt.  Mr. Gressen averred that he had made efforts to move the case forward.

The Court held a hearing on April 26, 2013.  At that hearing, Pro Mobile asserted that Mr. Gressen had been overwhelmed and he "fell down on the job."[9]  Pro Mobile's new counsel, George Bochetto, stressed that Woot would "get[] every bit of evidence and testimony and discovery literally within the next seven days."[10]  Mr. Lacheen also spoke at the hearing:[11]

> Mr. Lacheen:   I immediately told Mr. Gressen on January 31st that I could no longer use him on this case because he failed to do his job.
>
> The Court:    But, are you still using him on other cases, sir?
>
> Mr. Lacheen:   I have brought other attorneys in to advise and to help me with the one other case that I have going on right now.
>
> The Court:    So, you have one pending case and you are still allowing him to represent you in that matter?
>
> Mr. Lacheen:   Only because he knows the case and he is involved in it, but he is not going to be finalizing this case.

---

[9] Hr'g Tr. Apr. 26, 2013 [Doc. No. 113] at 8.

[10] Hr'g Tr. Apr. 26, 2013 at 9.

[11] Mr. Lacheen was not placed under oath at the hearing.

Mr. Bochetto: And you have engaged other counsel to assume responsibility for the bottom line of that other case, correct?

Mr. Lacheen: Yes, I have.

The Court: And is Mr. Gressen there simply for the transition of that other case to this other counsel?

Mr. Lacheen: Yes.[12]

Based upon the representations made at the hearing, the Court denied the motion to dismiss without prejudice, holding that there was insufficient basis to do so. The Court stated that:

> I have compassion for anyone who has problems, personal problems in their life, because everyone can have that stretch and you can be supportive, but there is an active lawsuit going on which only plaintiffs can prosecute.
>
> So, nothing happens until I get a motion to dismiss because nothing has happened. This is a set of circumstances that will not occur again in this case.[13]

Unfortunately, the Court's prediction proved overly optimistic. The entry of a scheduling order with a discovery deadline of June 28, 2013 (later extended by 30 days), led only to Pro Mobile filing what it styled as an "emergency" motion to compel discovery on June 18, 2013, followed by a motion to file a second amended complaint. Woot for its part opposed these motions and filed a third motion to dismiss, arguing that at the time that Pro Mobile and Mr. Gressen represented that Mr. Gressen was unable to advance this case, he represented Pro Mobile in an action in the Philadelphia Court of Common Pleas.[14] According to the docket of that case, in which Mr. Gressen is listed as the only counsel of record for Pro Mobile, Plaintiff was

---

[12] Hr'g Tr. Apr. 26, 2013 at 23-24.

[13] Hr'g Tr. Apr. 26, 2013 at 31-32.

[14] *It's All Wireless, Inc., v. Able Planet, Inc.*, June Term 2012 No. 3874 (Phila. Ct. Comm. Pl.).

unquestionably litigating the Philadelphia case through the fall and winter of 2012 and 2013; among other events listed on the docket, Plaintiff responded to preliminary objections on September 10, 2012, October 12, 2012, and December 14, 2012, appeared at a hearing on a petition for a preliminary injunction on October 24, 2012, appeared at a case management conference on December 19, 2012, filed a motion for reconsideration on December 28, 2012, and requested a discovery hearing on April 4, 2013 (shortly before the hearing in this Court).[15] That case continues, with Mr. Gressen as Pro Mobile's counsel.[16]

## II. STANDARD OF REVIEW

"Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders."[17] The sanction of dismissal before trial is "disfavored absent the most egregious circumstances," and any doubts should be resolved in favor of adjudication on the merits.[18] In determining whether the harsh sanction of dismissal is appropriate, the Court must weigh the following six factors:

---

[15] The Court notes that the Common Pleas docket reflects that a conference scheduled for September 24, 2012, was canceled because Plaintiff's counsel was ill, but has no other indications that Plaintiff or its counsel was unable to prosecute that action.

[16] According to Woot, the Philadelphia litigation is against "David Fisher, the [Pro Mobile] employee who first contacted Woot about the Kindles at issue in this case" and that the complaint in the Philadelphia litigation alleges that Mr. Fisher was fired on May 28, 2012, for acting against Pro Mobile's interests. Doc. No. 115-1 at 3-4. Woot contends that Mr. Fisher is a key witness in this case.

[17] *Knoll v. City of Allentown*, 707 F.3d 406, 409 (2013). Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Similarly, Federal Rule of Civil Procedure 37 authorizes a district court to sanction a party for failure to obey an order compelling disclosure or discovery or to comply with discovery requests. Fed. R. Civ. P. 37(b)(2), (c), (d).

[18] *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161-62 (3d Cir. 2003).

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claims or defenses.[19]

Although the Court must address each factor, each factor need not weigh in favor of dismissal for the trial court to dismiss a claim.[20]

## III. DISCUSSION

### A. The Extent of Pro Mobile's Personal Responsibility

The Court accepts that some earlier failures to prosecute may have been attributable to Mr. Gressen, but notes in this regard that although "*Poulis* operates in some cases to protect innocent parties from bearing the consequences of their attorneys' mistakes, . . . parties cannot always avoid the consequences of the acts or omissions of this freely selected agent."[21] The Court accepted the representations made at the hearing on the previous motion to dismiss that Mr. Gressen had become overwhelmed and was being replaced in all litigation by other counsel. Those representations are inconsistent with the docket for the Philadelphia litigation. In addition, Pro Mobile has not argued that its new counsel bears any responsibility for the ongoing failures to move this case forward, and there can be no dispute whatsoever that Mr. Lacheen, Pro Mobile's principal, was fully aware of the status of this case after the April hearing. The Court holds that this factor weighs heavily against Pro Mobile.

---

[19] *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

[20] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003).

[21] *Knoll*, 707 F.3d at 410 (internal citations and quotation marks omitted).

### B. Prejudice to Woot

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment."[22] Prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."[23] "However, prejudice is not limited to 'irremediable' or 'irreparable' harm."[24] Prejudice "also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy. Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to expend costs to obtain court orders for compliance."[25] As detailed above, Woot has suffered precisely this last sort of prejudice, and the Court finds that this factor also weighs against Pro Mobile.

### C. History of Dilatoriness

The Court has no difficulty in determining that there has been a repeated delay and delinquency in the prosecution of this case, rather than one or two instances of such conduct.[26] In this regard, the Court looks to the overall conduct of the litigation, as recounted above, and also notes Pro Mobile's apparent lack of interest in prosecuting this case against any Defendants other than Woot. Again, this factor weighs against Pro Mobile.

---

[22] *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir.1994) (internal quotation marks and citation omitted).

[23] *Id.* at 874 (internal quotation marks and citations omitted).

[24] *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (internal citations omitted).

[25] *Id.* at 259-60 (internal quotation marks and citations omitted).

[26] *Id.* at 260.

9

**D.     Willfulness or Bad Faith**

In *Poulis*, the court held that plaintiff's counsel's behavior was not contumacious because, although he had missed deadlines, there was no suggestion that his delays were for any reason other than his and his wife's poor health.[27]  It was based on similar reasoning that the Court denied the second motion to dismiss after the hearing on April 23, 2013.  However, the evidence adduced since that hearing, which shows that Mr. Gressen (Plaintiff does not controvert) was indeed able to litigate a case on behalf of Woot in the Philadelphia litigation, shines an entirely different light on the matter.  The Court confesses itself nonplussed by the fact that Pro Mobile represented to this Court that Mr. Gressen was consumed by personal and family matters that prevented him from pursuing this case, when the uncontroverted evidence of the Philadelphia litigation shows active prosecution of that case *during the same time period*.  The Court is further constrained to note that if the Philadelphia litigation is the one referred to during the hearing, Mr. Gressen continues to represent Pro Mobile despite representations that he was on his way out.[28]

The Court also has extraordinary difficulty in reconciling the activity in the Philadelphia litigation with Mr. Lacheen's deposition testimony.  At his deposition on May 14, 2013, Mr. Lacheen testified under oath as follows:

> Q.     Alright.  Other than the instant litigation, has It's All Wireless been involved in any other lawsuits?
>
> A.     If there's anything, it would just be collections, us collecting.

---

[27] *Poulis*, 747 F.2d at 868-69.

[28] The Court has no reason to believe that at the time of the hearing on April 26, 2013, Pro Mobile's new counsel, Mr. Bochetto, had any knowledge of the Philadelphia case or Mr. Gressen's role therein.

> Q. But nothing specifically that you can think of now?
>
> A. Nothing that I can think of.
>
> Q. Is Pro Mobile Gear involved in any current litigation, other than this instant litigation?
>
> A. The same answer.
>
> Q. By, same answer, you mean if it's anything, it related to collections?
>
> A. Yes.[29]

The Court need not go so far as to find expressly that Pro Mobile acted in bad faith, although there is substantial indication that it did, to conclude that Pro Mobile bears clear responsibility for its choices in conducting this litigation.

### E. Effectiveness of Alternate Sanctions

The Court must consider the availability of sanctions alternative to dismissal.[30] As earlier monetary sanctions have failed to make an impression upon Pro Mobile, the Court must consider what remaining sanctions short of dismissal may be warranted. The parties have suggested none, and Pro Mobile simply does not seem to grasp the severity of its course of conduct throughout this litigation. The Court considered, for example, whether to terminate discovery and proceed to trial, as Pro Mobile chose to prosecute the Philadelphia litigation and not this one, and therefore must bear the burden of that decision. However, that sanction could work to the detriment of the other parties to the litigation. The Court is constrained to find that no sanction short of dismissal of Pro Mobile's claims is warranted by the facts and circumstances

---

[29] Lacheen Dep. at 18.

[30] *Poulis*, 747 F.2d at 869.

of the litigation.[31]

### F. Meritoriousness of Claims or Defenses

In determining whether a plaintiff's claim is meritorious, courts in this Circuit use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim.[32] A claim is considered meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."[33] The Court fully recognizes that Woot has maintained the consistent position throughout this litigation that it is not a proper party to the dispute and that if Pro Mobile has a case against anyone, it is S&D, which sold it the allegedly purloined Kindles, but that Pro Mobile has failed to seek discovery against this party. Given the relatively low threshold for a showing of meritoriousness, the Court finds that this factor does not affirmatively support dismissal. Given that Pro Mobile has made little showing of the merit of its claims against Woot, and has failed to develop its claims against other parties, however, the Court concludes that upon balancing all of the *Poulis* factors, a bare finding of meritoriousness provides little support for excusing Pro Mobile's failures in prosecuting its case.

### IV. CONCLUSION

The Court does not treat the dismissal of claims under these circumstances lightly but has concluded that Pro Mobile's actions warrant no other result. The Court will not, however, grant judgment on Woot's counterclaims and will require the parties to submit a status report as to the resolution of those claims. An order will be entered.

---

[31] The Court would deny the motion to amend in any event, as the attempt to inject new theories of liability into the litigation at this very late date would be prejudicial to Woot and would not be in the interests of justice.

[32] *Poulis*, 747 F.2d at 869-70.

[33] *Id.* at 870.